UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

TONIANN GROSSMAN,

                          Plaintiff,

              -against-

LOWE'S STORE NO. 1597 and LOWE'S HOME
CENTERS, LLC,

                    Defendant.
_____

**MEMORANDUM & ORDER**

**23-CV-8014 (NGG) (MMH)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff's Motion for Reconsideration ("Mot.") under Federal Rule of Civil Procedure 59(e) is DENIED. (Dkt. 32.)

"The standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Further, "[i]t is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Ptrs., L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Yet, Plaintiff Toniann Grossman ("Grossman") does exactly this.

The court's Memorandum & Order granting Defendant Lowe's Home Centers, LLC ("Lowe's") motion for summary judgment clearly explained that federal law, not state law, governs the standard for summary judgment in this dispute. (*See* Mem. & Order ("M&O") (Dkt. 29) at 12-13.) The court did not err in applying the federal standard, and Grossman offers no case that casts doubt on this threshold issue. Grossman ignores this holding and attempts to prove her case with inapplicable state

1

precedents. (Mot. at 2-6.) Since she relies on incorrect law, she fails to move her case forward, citations to *Palsgraf v. Long Island R.R. Co.* notwithstanding. 248 N.Y. 339, 344 (1928).

The court likewise declines to reverse its finding that *res ipsa loquitur* ("RIL") is inapplicable. Grossman raises an identical theory to her summary judgment argument and fails to cite a single case in support of that argument. (Mot. at 7-8.) Grossman also argues that "the display was intended to be touched by customers," (Mot. at 7), repeatedly raising the point to suggest a duty on Lowe's behalf to keep the display in good order. (*Id.* at 1, 4, 7.) The court has already addressed this argument and its variants at length, (M&O at 18-24), and Grossman's reasoning here would defeat her own RIL claim. As explained in the court's M&O, for a RIL claim to lie, the instrumentality *must* be within the *exclusive* control of a defendant—shelving and items open to the public are clearly *not* within this Defendant's exclusive control. (M&O at 14-16.) Grossman cannot have it both ways, and, in either case, her RIL claim fails.

Lastly, the court declines to reverse its denial of spoliation sanctions. First, as this court already explained, the requested sanctions, even if granted, would do nothing to change the court's decision. (M&O at 24-27.) The court already draws all reasonable inferences in a plaintiff's favor. *See Matteo v. Kohl's Dep't Stores, Inc.*, No. 09-CV-7830 (RJS), 2012 WL 760317, at *3-4 (S.D.N.Y. Mar. 6, 2012), *aff'd* 533 F. App'x 1 (2d Cir. 2013) (summary order). Second, Grossman previously made, and the court rejected, arguments that the alleged video evidence "*could have shown*" conditions relevant to her negligence claim. (*Compare* Mot. at 8 (emphasis added), *with* Pl.'s Opp. to Def.'s Mot. for Summ. J. (Dkt. 27) at 13 (arguing the same).) "[A] party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration." *E. Coast Res., LLC v. Town of Hempstead*, 707 F. Supp. 2d 401, 413 (E.D.N.Y.

2010) (citing *Giordano v. Thomson*, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006)). Even if the court were to consider Grossman's argument, the speculative possibility of what the tapes could have shown, if they existed, is not enough to preclude summary judgment. And, whatever the materiality of the tapes, there is no allegation that any surveillance cameras covered the exact spot in question. *See Lacey v. Target Corp.*, No. 13-CV-4098 (RML), 2015 WL 2254968, at *8 (E.D.N.Y. May 13, 2015). Grossman's other arguments on this point continue to re-litigate discovery disputes.

Accordingly, Grossman's motion for reconsideration is DENIED.

SO ORDERED.

Dated:    Brooklyn, New York
          July 29, 2026

                                        s/Nicholas G. Garaufis, USDJ
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

3